NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

LUNDY MANUFACTURING CORPORATION, Respondent.

No. 94, Docket 26153.

United States Court of Appeals
Second Circuit.

Argued Dec. 6, 1960.

Decided Dec. 22, 1960.

Allison W. Brown, Jr., Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Frederick U. Reel and Allison W. Brown, Jr., Attys., N. L. R. B., Washington, D. C., on the brief), for petitioner.

Harold Dublirer, New York City (Dublirer & Haydon, New York City), for respondent.

Before CLARK, WATERMAN and FRIENDLY, Circuit Judges.

FRIENDLY, Circuit Judge.

In March, 1957, respondent recognized Amalgamated Local Union 355, an independent union formerly affiliated with Allied International Workers, AFL-CIO, as collective bargaining agent for its production and maintenance employees; and on May 28, 1957, it signed a contract with Local 355, predated to May 13, containing a union security clause, for a two-year period, subject to a 60-day notice reopening with respect to wages at the end of one year. There was evidence to support a finding that Local 355 either did not represent a majority of the employees in March 1957 or, if it did, that the majority was obtained by respondent's assistance. On March 27, 1958, Local 355 requested reopening both as to wages and as to other matters. Negotiations ensued, leading to a draft agreement that was read to a meeting of the Local on July 15. Then disaffection appeared. A movement began for disaffiliation with Local 355 and affiliation with International Union of Electrical Workers, which advised respondent on July 23 or 24 that a majority of the employees had designated IUE as bargaining agent. As a result of what was found to be unlawful pressure by respondent on its employees, a revised contract with Local 355, again containing a union security clause and declared to be effective as of July 1, was ratified on July 30 and signed on July 31, 1958. Two employees were discharged on July 22 and one on July 24, allegedly because they had favored affiliation with IUE. The charge of unfair labor practices was filed July 30, 1958, and served on respondent August 1.

The Board in a decision rendered in December, 1959, 125 NLRB No. 109, adopted a finding of its Examiner that:

"Section 10(b) of the Act [29 U.S.C.A. § 160(b)] does not preclude a consideration of events antedating the charges by more than 6 months and Respondent's conduct, within the 6-month period, of continuing and maintaining the aforedescribed 1957 contract and of executing and maintaining the 1958 contract, constitute violations of Section 8(a) (1), (2) and (3) of the Act [29 U.S.C.A. § 158(a) (1–3)]. Bryan Manufacturing Company, 119 NLRB 502, enforced [105 U.S.App.D.C. 102] 264 F.2d 575, C.A.D.C."

The Board also adopted findings of the Examiner that, in view of the appearance of IUE on the scene in July, 1958, respondent could not lawfully recognize or contract with Local 355 until the latter's right to be recognized had been determined by a Board-supervised election, and that the discharges were likewise unlawful. Accordingly, it directed respondent to cease and desist from encouraging membership in Local 355 or discouraging membership in IUE and from giving effect to the 1958 contract with Local 355; to offer the three discharged employees reinstatement with back pay; and to reimburse its employees for dues and initiation fees to Local 355 deducted from their earnings "beginning with the applicable six-month period." It here seeks enforcement of this order.

The basis for the quoted finding, insofar as it related to the 1957 contract, was shattered when the Supreme Court, on April 25, 1960, reversed the Bryan Manufacturing case *sub nom.* Local Lodge No. 1424, I. A. M. v. N. L. R. B.,

362 U.S. 411, 80 S.Ct. 822, 4 L.Ed.2d 832. Here, as there, in the absence of facts antedating the six months period prior to the charge, the 1957 contract and its union security clause were "wholly benign," 362 U.S. at page 417, 80 S. Ct. 827. The Board argues that, despite this, the order may stand, save for the reimbursement of dues antedating the charge, since there was sufficient evidence to demonstrate illegality as to the contract of July 31, 1958 apart from the claimed illegality of the 1957 contract. The latter may be so, but it was not the basis on which the case was decided by the Board; and in contrast to our review of decisions of a lower court, "The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." Securities and Exchange Comm. v. Chenery Corp., 1943, 318 U.S. 80, 87, 63 S.Ct. 454, 459, 87 L.Ed. 626.

If the 1957 contract with Local 355 was wholly lawful, the Board, under its contract bar rule, would have deemed the recognition of any other union in July, 1958 to be an unfair labor practice, see Marcus Trucking Co., 126 NLRB No. 131, now pending before us on petition for enforcement. Hence it would seem that, unless the Board should determine not to apply the rule in favor of a contract the making of which would be an unfair labor practice but for the time bar and may lawfully apply such a view retroactively, cf. Leedom v. International Brotherhood of Electrical Workers, Local Union No. 108, 1960, 107 U.S.App. D.C. 357, 278 F.2d 237, questions upon which we express no opinion, continued recognition of Local 355 and non-recognition of the IUE in July, 1958, would not be unlawful, unless the reopening of the May, 1957, agreement on a broad front deprived it of contract-bar protection. The Board's counsel argues the reopening did precisely that, but we have been cited no pertinent authorities showing the Board would so determine. The Board also might treat the alleged discriminatory discharges differently in a setting wherein the 1957 agreement with Local 355 was entitled to the benefits of the contract bar rule. These are issues requiring determination by the Board, not by a reviewing court.

■ We are not persuaded by the Board's contention that respondent is precluded from seeking to avail itself of the reversal in Local Lodge because of alleged failure to urge the point before the Board, § 10(e), 29 U.S.C.A. § 160(e). Respondent consistently argued the validity of the 1957 contract; it is not fatal that respondent did not include among its arguments a specific criticism, necessarily futile at that stage, of a pertinent Board decision which had been enforced by a Court of Appeals. May Department Stores Co. v. N. L. R. B., 1945, 326 U.S. 376, 387 note 5, 66 S.Ct. 203, 90 L.Ed. 145; N. L. R. B. v. Revere Art Metal Co., 2 Cir., 1960, 280 F.2d 96, 105. Moreover, even if nothing had been said, the case would surely be one where "the failure or neglect to urge such objection shall be excused because of extraordinary circumstances," § 10(e), 29 U.S.C.A. § 160(e).

Remanded.