**ROCKINGHAM MACHINE–LUNEX COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 81–1327.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1981.

Decided Dec. 8, 1981.

Rehearing and Rehearing En Banc Denied Feb. 4, 1982.

Seyfarth, Shaw, Fairweather & Geraldson, Charles C. Jackson, argued, Georgeanne H. Tilson, Chicago, Ill., for petitioner, Rockingham Machine-Lunex Co.

Andrew F. Tranovich, Jerrold Wohlgemuth, argued, Attys., William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., for the N. L. R. B.

Before HEANEY and McMILLIAN, Circuit Judges, and BENSON,* Chief Judge.

HEANEY, Circuit Judge.

This matter is before the Court on the petition of the Rockingham Machine-Lunex Company to review and set aside a decision and order of the National Labor Relations Board. The Board has cross-applied for enforcement of its order. It found that Rockingham had violated Sections 8(a)(1), (3) and (5) of the National Labor Relations Act, 29 U.S.C. § 151 et seq. The Board's decision and order is reported at 255 N.L.R.B. 15 (1981).

■ Rockingham contends that the Board's decision denies the company due process. Initially, Rockingham argues that the administrative law judge (ALJ) used evidence for purposes other than those for which it was admitted. It asserts that the ALJ relied on a transcript of negotiation sessions in finding that the company had refused to bargain in good faith despite his earlier ruling that the evidence would not be used for that purpose. The Board

*The Honorable PAUL BENSON, Chief Judge, United States District Court for the District of

agreed in part with this assertion. It stated:

> At the hearing, the Administrative Law Judge ruled that the unauthenticated transcripts of the post-strike negotiation meetings were hearsay evidence but admissible for the limited purpose of showing the "essence" of what occurred at those negotiations. In his Decision, however, the Administrative Law Judge relied on the transcripts to establish the truth of the matters asserted in the transcripts. Notwithstanding his misplaced reliance on the transcripts, the record shows that the facts concerning those meetings were established by Respondent's authenticated notes concerning the meetings.

We agree with the Board's assessment and add that there is other evidence in the record that is more than sufficient to support the Board's findings, particularly the testimony of the company's chief negotiator, James Hodges.

■■ Rockingham also points out that the ALJ ruled that evidence of an employee discharge by the company occurring outside the Section 10(b) statute of limitations period would be admitted solely for "background" purposes. Rockingham argues that despite this ruling, the ALJ subsequently relied on that "background" evidence to find that the company committed unfair labor practices. We agree that the ALJ's reliance was improper. Nevertheless, we are again convinced that the other evidence in the record is sufficient to support the Board's findings.

Rockingham next contends that the ALJ and Board failed to mention or apply the adverse inference rule in violation of the company's due process rights. The rule provides that when a party has relevant evidence within its control which it fails to produce, that failure gives rise to an inference that the evidence is unfavorable to the party. *International Union, United Auto Workers v. N. L. R. B.*, 459 F.2d 1329, 1336 (D.C.Cir.1972).

North Dakota, sitting by designation.

Rockingham argues that the General Counsel's failure to call as a witness union spokesperson Peter Kuchirka, who attended every negotiation session and filed the refusal to bargain in good faith charge, creates an inference that his testimony, presumably on the refusal to bargain issue, would be unfavorable to the union.

■ The adverse inference rule is an important one that should be applied by the Board whenever it is appropriate. *E. g., Golden State Bottling Co. v. N. L. R. B.,* 414 U.S. 168, 174, 94 S.Ct. 414, 420, 38 L.Ed.2d 388 (1973); *International Union, United Auto Workers v. N. L. R. B., supra,* 459 F.2d at 1347. Rockingham, however, would expand the adverse inference rule to require that the failure to call Kuchirka obligates the Board to resolve all issues with respect to which he may have testified against the union. We do not believe that the rule reaches that far. The rule permits an adverse inference to be drawn; it does not create a conclusive presumption against the party failing to call the witness. *See* McCormick, Evidence, § 272, at 656–662 (2d ed. 1972). If we accepted Rockingham's interpretation of the rule, the Board would have to call every witness on every conceivable issue relevant to establishing an unfair labor practice. This obviously is unnecessary.

■ Here, the Board called as its principal witness Hodges, who testified at length as to precisely what took place at the bargaining sessions. He testified in substance that Rockingham rescinded or modified over a dozen provisions to which the parties previously had agreed, offered only minimal concessions to the union, and had a predetermined intention not to reach agreement on dues checkoff—a mandatory subject of bargaining. On this record, even if we draw an inference unfavorable to the union from Kuchirka's failure to testify and draw every favorable inference to the company that can be drawn from Hodges' testimony, Hodges' testimony, together with the undisputed evidence, is sufficient to justify the Board's finding that the company violated sections 8(a)(1) and (5) of the Act by refusing to bargain in good faith.

Finally, Rockingham argues that apart from its due process challenges, the Board's decision must be set aside as to each of the unfair labor practices found because it is not otherwise supported by substantial evidence. We disagree. We have carefully reviewed the record and briefs, and find that there is substantial evidence on the record as a whole to support the Board's order as to each unfair labor practice.

Rockingham's petition to set aside the order is denied, and the Board's cross-application for enforcement is granted.