CONCEPTS & DESIGNS, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

CONCEPTS & DESIGNS, INC., Respondent,

v.

NATIONAL LABOR RELATIONS BOARD, Petitioner.

Nos. 95–3501, 95–3831.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 25, 1996.

Decided Dec. 3, 1996.

**1244**

Daniel R. Hols, Minneapolis, MN, argued, for appellant.

Joseph A. Oertel, Washington, DC (Charles P. Donnelly, Frederick L. Feinstein, Linda Sher, and Aileen A. Armstrong, on the brief), argued, for appellee.

Before BOWMAN, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

HEANEY, Circuit Judge.

Concepts & Designs, Inc. seeks review and the National Labor Relations Board (Board) seeks enforcement of the Board's decision and order holding that Concepts & Designs violated sections 8(a)(3) and (1) of the National Labor Relations Act (Act) in its discharge of two employees for engaging in union activities and violated section 8(a)(1) of the Act by implicitly threatening to discharge one of the employees for participating in union activities. The Board ordered Concepts & Designs to offer the discharged employees immediate and full reinstatement without prejudice to their seniority or other rights and privileges, to expunge from their records any references to the unlawful discharges, to make the discharged employees whole for any loss of pay and benefits suffered because of the unlawful discharge, and to post appropriate notices. We enforce the order of the Board.

Section 8(a)(3) of the Act makes it an unfair labor practice for an employer to discriminate "in regard to ... tenure of employment or any term or condition of employment to ... discourage membership in any labor organization...." Concepts & Designs concedes that it discharged the two employees. It argues, however, that the Board's decision must be reversed because the Board applied an improper standard in determining that the discharges were discriminatory. Concepts & Designs further argues that, reviewed under the appropriate standard, the discharges were not in violation of the Act. The company asserts that the employees were discharged for walking off their job midday and not for any union activity.

This case turns on the question of what motivated Concepts & Designs' decision to discharge its employees. Motivation is a question of fact that may be inferred from both direct and circumstantial evidence. *NLRB v. Link–Belt Co.*, 311 U.S. 584, 602, 61 S.Ct. 358, 367, 85 L.Ed. 368 (1941); *NLRB v. Chem Fab Corp.*, 691 F.2d 1252, 1259 (8th Cir.1982). Once the general counsel has established that the employees' union activity was a motivating factor in the discharge, the burden shifts to the employer to demonstrate that he would have taken the same action even in the absence of protected activities.

*Wright Line,* 251 NLRB 1083, 1088 n. 11, 1089 (1980), *enforced on other grounds,* 662 F.2d 899 (1st Cir.1981). Both the Supreme Court and this court have approved the *Wright Line* standard. *See NLRB v. Transportation Management Corp.,* 462 U.S. 393, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983); *United Exposition Serv. Co., Inc. v. NLRB,* 945 F.2d 1057, 1059–60 (8th Cir.1991).

■ Concepts & Designs argues, with some justification, that the administrative law judge (ALJ) in this mixed-motive case did not apply the appropriate standard. The ALJ stated:

> Mere existence of valid grounds for a discharge is no defense to a charge that the discharge was unlawful unless the discharge was predicated *solely* on those grounds and not by a desire to discourage union activity.

(Add. at 4 (emphasis added).) As Concepts & Designs pointed out at oral argument, this court stated our disagreement with a nearly identical statement of the mixed-motive standard by the Seventh Circuit. *Mead & Mount Constr. Co. v. NLRB,* 411 F.2d 1154 (8th Cir.1969). In *Mead & Mount Constr.,* we foreshadowed the Board's *Wright Line* decision and outlined the following:

> (1) The General Counsel has the burden of proving by a fair preponderance of the evidence that the employee was discharged for his union activities or membership—that but for his union activities or membership, he would not have been discharged.
>
> (2) This burden can be satisfied by direct or circumstantial evidence.
>
> (3) The Board, in reaching its decision, is permitted to draw reasonable inferences, and to choose between fairly conflicting views of the evidence. It cannot rely on "suspicion, surmise, implications, or plainly incredible evidence."

*Id.* at 1157 (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 484, 71 S.Ct. 456, 462–63, 95 L.Ed. 456 (1951)) (footnotes omitted).

We agree with Concepts & Designs that the ALJ's use of the term "solely" in its statement of the mixed-motive standard was improper. If the ALJ had gone no further, we would also agree that we would have no alternative but to deny enforcement. We are convinced, however, that even though the ALJ made this incorrect statement of law in his recommended decision, he actually applied the *Wright Line* test. Not only did he cite *Wright Line,* but he carefully examined the evidence and concluded:

> [A] preponderance of the credible evidence establishes that [the employees] were discharged ... because of union activities and, conversely, fails to credibly show that either would have been discharged ... had an organizing campaign not been in progress and had those two employees not supported, or been suspected of likely supporting, the Union's campaign.

(Add. at 9.) This finding is consistent with *Wright Line,* the decisions of the Supreme Court, and this court.

■ Reviewed under the appropriate standard, substantial evidence supports the determination that Concepts & Designs discharged its employees because of their union activities. The record supports the following findings by the ALJ: (1) the two discharged employees initiated the organizing campaign, (2) the company fired them only thirteen days before the scheduled union election, (3) both employees had unblemished disciplinary records, (4) Concepts & Designs opposed the unionizing of its employees, and (5) the president of Concepts & Designs personally participated in the discharges. Moreover, it is clear from the record that the president of Concepts & Designs twice threatened one of the employees with a discharge because of his union activities.

Accordingly, because we believe that the Board's decision was consistent with *Mead & Mount* and *Wright Line,* we enforce the decision and order in its entirety.