# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1191

_____

| | | |
|---|---|---|
| ALICE CALLOWAY, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern District |
| LARRY MILLER, NOLAN DAWSON, | * | of Arkansas. |
| THOMAS GRAHAM, | * | |
| LINDSEY FAIRLEY, Individually and | * | |
| in their capacities as Members of the | * | |
| Election Commission of | * | |
| Crawfordsville; RUTH TRENT, | * | |
| Individually and in her official capacity | * | |
| as County Clerk, | * | |
| | * | |
| Defendants-Appellees. | * | |

_____

Submitted: June 8, 1998
Filed: June 30, 1998

_____

Before WOLLMAN, MURPHY, Circuit Judges, and FENNER,[1] District Judge.

_____

FENNER, District Judge.

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri, sitting by designation.

Appellant, Alice Calloway, appeals from the order of the district court granting appellees' motion for summary judgment. Appellant, Alice Calloway, was the City Recorder for the City of Crawfordsville, Arkansas. Appellees Larry Miller, Nolan Dawson, Thomas Graham, and Lindsey Fairley are all members of the Crittenden County Election Commission. Appellee, Ruth Trent, is the County Clerk for Crittenden County, Arkansas.[2]

Appellant (plaintiff) filed her claim in the District Court alleging that the appellees (defendants) had caused her to lose her job as City Recorder for Crawfordsville. Plaintiff filed her complaint under 42 U.S.C. §§ 1981 and 1983, alleging discrimination and denial of due process. Plaintiff sought reinstatement to the position of City Recorder together with compensatory and punitive damages.

In 1993, plaintiff, an African-American, was appointed by the Crawfordsville City Council to fill the unexpired term of City Recorder for Crawfordsville. Plaintiff was selected by the City Council when the former City Recorder, Ms. Jackson, resigned to assume the position of Mayor of Crawfordsville. Ms. Jackson's term as City Recorder had begun in 1992.

The term of office for the position of City Recorder in Arkansas is dependent upon the classification of the city. Voters in incorporated towns elect City Recorders every two years and voters in cities of the second class elect City Recorders every four years. ARK. CODE ANN. §§ 14-44-115 and 14-45-108 (1987).

---

[2]Appellant named the election commission as the "Election Commission of Crawfordsville" while it is actually the "Crittenden County Election Commission." Appellant also sued Marion Glasco, the Mayor of Crawfordsville, however, he was not timely served and the complaint against him was dismissed.

ARK. CODE ANN. § 14-37-103 (1987), in pertinent part, provides for the classification of cities as follows:

> (a)(1) All municipal corporations having over two thousand five hundred (2,500) inhabitants shall be deemed cities of the first class.
> (2) All cities having five hundred (500) inhabitants or more and fewer than two thousand five hundred (2,500) inhabitants shall be deemed cities of the second class.
> (3) All others shall be incorporated towns and shall be governed by the provisions of this subtitle.

Additionally, when a federal census finds that the population of an incorporated town exceeds five hundred persons but is less than two thousand five hundred persons, it is "deemed in all respects" to be a City of the second class. ARK. CODE ANN. § 14-37-105 (1987).

According to the record, prior to the 1980 census, Crawfordsville had a population of over 500 persons. Furthermore, the 1980 census reflected a population of over 500 persons. Nonetheless, in 1981, Crawfordsville sought to reduce its classification from a city of the second class to an incorporated town. Though the statutes do not specifically provide for a second class city with a population over 500 to elect to reduce its classification to an incorporated town, the request was recognized by the Secretary of State.

In 1991, on the basis of the 1990 census determining Crawfordsville's population to be 617 persons in a letter dated May 10, 1991, the Mayor of Crawfordsville received notice from the Secretary of State as follows:

Dear Mayor:

According to the official returns of the 1990 Census on file in the United States Census Bureau and on file in this office the population of your municipality is an follows:

617

Pursuant to Ark. Code Ann. 14-37-103, a municipality is placed into one of three classifications in accordance with its population as listed below.

| | |
|---|---|
| 2500 and above | City of the First Class |
| 500 to 2499 | City of the Second Class |
| less than 500 | Incorporated Town |

If your population has sufficiently increased, the classification has been advanced. We have not reduced any city's classification regardless of population changes.

The classification for your municipality is

2nd Class City

Any classification changes permitted under Ark. Code Ann. 14-37-103, 14-37-111 or 14-37-112 once acted upon by your governing body should be sent to me immediately in order that our files may reflect your preferred classification.[3]

---

[3]ARK. CODE ANN. § 14-37-103 provides as referenced in this letter and as previously stated herein. ARK. CODE ANN. §§ 14-37-111 and 14-37-112 are not applicable in this cause. ARK. CODE ANN. § 14-37-111 allows a city to adopt a resolution to reduce its classification upon a decrease in population. ARK. CODE ANN. § 14-37-112 allows an incorporated town, without an increase in population, to adopt an ordinance and for the voters to decide if the incorporated town should become a city

Crawfordsville took no immediate action to alter its elections pursuant to the May 10, 1991 letter from the Secretary of State. Crawfordsville continued to conduct its elections every two years as it had from 1981 until 1996.

In September of 1994, the plaintiff was advised by defendant Trent, the Crittenden County Clerk, that all city offices were up for election and that plaintiff would have to petition for re-election if plaintiff wished to retain her position. Upon being so advised, plaintiff filed for re-election.

After filing for re-election, plaintiff contacted Chris Bradley of the Arkansas Municipal League; Kent Reubens, a member of the Crittenden County Election Commission; and a representative of the Arkansas Secretary of State's office. These individuals advised plaintiff that she was not required to seek re-election until the 1996 general election. Plaintiff relayed the information she had received to defendant, Trent, the County Clerk, and withdrew her petition for re-election. Subsequent to her withdrawal, plaintiff learned that another candidate, Julie Alpe, a white female, filed for and was elected to the position of City Recorder. Over plaintiff's protest, the Mayor and City Council voted to recognized Ms. Alpe as City Recorder.[4]

The district court found that the election for the position of City Recorder in 1994 should not have been held and that plaintiff should have been allowed to complete a four year term. However, the district court also found that there was insufficient evidence to support plaintiff's claims of discrimination or denial of due process.

---

of the second class.

[4]The district court noted in its judgment that Ms. Alpe was not made a party to the cause and expressed its reservation over the court's ability to take up the cause, with the plaintiff seeking reinstatement, where an apparent indispensable party had not been named. However, because this cause is otherwise disposed of against plaintiff, this issue need not be addressed here, as was the election of the district court.

Plaintiff argues on appeal that there are genuine issues of material fact to support her claim of discrimination and denial of due process.

Although the question was not addressed by the district court, we look first to determine whether the defendants have any liability to the plaintiff for the actions complained of. To establish a violation of § 1981 or § 1983, the plaintiff must establish that the defendants' unconstitutional action was the "cause in fact" of the plaintiff's injury. *Butler v. Dowd*, 979 F.2d 661 (8th Cir. 1992), *cert. denied*, 508 U.S. 930 (1993). Conduct is the cause in fact of a particular result if the result would not have occurred but for the conduct; similarly, if the result would have occurred without the conduct complained of, such conduct cannot be the cause in fact of that particular result. *Id*. at 669-70.

Regarding the advancement in classification of cities and towns, ARK. CODE ANN. § 14-37-107 (1987) provides as follows:

> (a) It shall be the duty of the Governor, State Auditor, and Secretary of State, or any two (2) of them, to ascertain from the federal census and census provided for by law of this state, what cities of the second class are entitled to become cities of the first class and what incorporated towns are entitled to become cities and their proper class. The Governor shall cause a statement thereof to be prepared and transmitted to the mayor of the city or town, stating the grade to which it has been advanced.

> (b) As soon as the statement shall have been received by the mayor, as provided in subsection (a) of this section, showing that any city or town will be entitled, at the next regular annual period for the election of municipal officers, to be organized into a city of the first or second class, as the case may be, it shall be the duty of the proper corporate authority of the city or incorporated town to make and publish such bylaws or ordinances as shall be necessary to perfect such organization

in respect to the election, duties, and compensation of such officers, or otherwise.

The corporate authority of an incorporated town consists of the town council. ARK. CODE ANN. § 14-45-101 (1987). Thus, under the applicable Arkansas Statutes, pursuant to the 1990 census, Crawfordsville was "deemed" a city of the second class. ARK. CODE ANN. § 14-37-103. The Mayor was notified in accordance with the law, but no further action was taken by the city to perfect the election process in accordance with second class city status.

The defendants' function in the election process is merely ministerial. The plaintiff points to nothing and we find nothing under Arkansas law which establishes any authority or responsibility for the defendants to perfect, control, or alter the City's election process regardless of the City's classification. The defendants do not have discretionary authority to conduct an election. The Board of Election Commissioners does not have the authority to declare a candidate ineligible and remove the candidate's name from the ballot when there is a dispute concerning the facts or the law. *State v. Craighead County Board of Election Commissioners*, 300 Ark. 405, 409, 779 S.W.2d 168, 171 (1989). Likewise, there is no such authority under Arkansas law granted to a County Clerk.

The plaintiff has not pointed to any authority under Arkansas law which establishes that the defendants performed any function other than ministerial functions in the case at bar. The record does not establish that the defendants caused the election in question to be set in motion or that the defendants had any authority to declare the election invalid because of the question of whether the plaintiff's term had expired. Defendants were not the cause in fact of the alleged injury to plaintiff.[5]

---

[5]Additionally, it is noted that our review of the record clearly supports the judgment of the district court of insufficient evidence of discrimination or denial of due process by the defendants. This cause was not well founded under the law or the facts.

Because we find that defendants have no liability to plaintiff for the actions complained of, plaintiff's action is dismissed with prejudice.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.