# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-3925

_____

National Labor Relations Board

*Petitioner*

Mid-South Organizing Committee

*Intervenor*

v.

Chipotle Services, LLC, a wholly owned subsidiary of Chipotle Mexican Grill, Inc.

*Respondent*

_____

No. 15-3955

_____

Chipotle Services, LLC, a wholly owned subsidiary of Chipotle Mexican Grill, Inc.

*Petitioner*

v.

National Labor Relations Board

*Respondent*

Mid-South Organizing Committee

*Intervenor*

_____

National Labor Relations Board

_____

Submitted: October 19, 2016
Filed: March 6, 2017

_____

Before RILEY, Chief Judge, MURPHY and SMITH, Circuit Judges.

_____

RILEY, Chief Judge.

Chipotle Services, LLC asks us to set aside an order of the National Labor Relations Board based on a supposed legal error Chipotle never brought to the Board's attention. We decline, and instead grant the Board's petition for enforcement.

This case arises out of Chipotle's decision to fire Patrick Leeper, a "crewmember" who worked the register at a Chipotle restaurant on the Delmar Loop in St. Louis, Missouri. Leeper was involved with a campaign by the Mid-South Organizing Committee—the charging party before the Board and intervenor here—for higher pay in the fast-food industry, and Leeper had discussed wages with some of his coworkers. The charge was that Chipotle fired Leeper for his union activities.[1] See 29 U.S.C. §§ 157, 158(a)(1), (3). Not so, Chipotle said—Leeper missed a mandatory meeting and had a history of deficient performance and motivation. To sort out these

_____

[1]The Board also found Chipotle unlawfully threatened and otherwise discouraged employees at the Delmar location from discussing wages, talking with union representatives, and engaging in other protected activities. See generally 29 U.S.C. §§ 157, 158(a)(1). Because Chipotle's argument to this court focuses exclusively on Leeper's discharge, we enforce the portions of the Board's order relating to these other rulings without further discussion. See, e.g., NLRB v. Bolivar-Tees, Inc., 551 F.3d 722, 727 (8th Cir. 2008) (summary enforcement of unchallenged orders).

conflicting accounts of Chipotle's motives, the Board followed the standard approach announced in Wright Line, 251 N.L.R.B. 1083, 1089 (1980), enforced on other grounds, 662 F.2d 899 (1st Cir. 1981). First the Board's General Counsel needed to show Leeper's protected conduct was a substantial or motivating factor in the decision to fire him, then the burden shifted to Chipotle to prove, essentially as an affirmative defense, it would have fired him anyway. See NLRB v. Transp. Mgmt. Corp., 462 U.S. 393, 400-03 (1983) (summarizing and approving the Wright Line framework), overruled in part on other grounds by Dir., Office of Workers' Comp. Programs, Dep't of Labor v. Greenwich Collieries, 512 U.S. 267 (1994). Adopting the recommendations of an administrative law judge, the Board described the General Counsel's initial burden under Wright Line as "demonstrating that: (1) the employee engaged in union activity; (2) the employer had knowledge of that union activity; and (3) the employer harbored antiunion animus."

Chipotle now insists that burden was a mistake and the General Counsel instead needed to demonstrate "'that but for his union activities or membership, [Leeper] would not have been discharged,'"[2] a phrase Chipotle takes from our recent opinion in Nichols Aluminum, LLC v. NLRB, 797 F.3d 548, 554 (8th Cir. 2015) (quoting Concepts & Designs, Inc. v. NLRB, 101 F.3d 1243, 1245 (8th Cir. 1996)). But Chipotle did not raise this point before the Board, or otherwise contest the administrative law judge's application of the Wright Line standard.[3] We therefore are

---

[2]It is not clear what Chipotle thinks is left for the second step of the Wright Line analysis, given this understanding of the first step. A showing "that union or other activities were the cause in fact for [an] employee's discharge," as Chipotle would require, would seem logically to negate the possibility the employer still would have fired the employee for some other reason—indeed, that is precisely what "cause in fact" (or "but-for cause") means, see Calloway v. Miller, 147 F.3d 778, 781 (8th Cir. 1998); but-for cause, Black's Law Dictionary (10th ed. 2014).

[3]We decided Nichols Aluminum after the administrative law judge ruled in this case, but before the Board adopted her decision. See Nichols Aluminum, 797 F.3d at

jurisdictionally barred from considering Chipotle's argument "unless the failure or neglect to urge [it] shall be excused because of extraordinary circumstances." 29 U.S.C. § 160(e); see also Woelke & Romero Framing, Inc. v. NLRB, 456 U.S. 645, 666 (1982) ("[A dissatisfied party] could have objected to the Board's decision in a petition for reconsideration or rehearing. The failure to do so prevents consideration of the question by the courts.").

According to Chipotle, the circumstances of this case are extraordinary because it would have been futile to argue about the proper causation standard before the Board. We have never recognized futility as excusing a failure to raise an objection to the Board. See NLRB v. RELCO Locomotives, Inc., 734 F.3d 764, 796 (8th Cir. 2013). Some of our sister circuits have, and Chipotle bases its argument on decisions from two of them.[4] See HTH Corp. v. NLRB, 823 F.3d 668, 674 (D.C. Cir. 2016); Kitchen Fresh, Inc. v. NLRB, 716 F.2d 351, 357-58 (6th Cir. 1983).

Even if we were to follow those courts, we would not find extraordinary circumstances in this case. The D.C. Circuit holds "filing a motion for reconsideration is patently futile where the agency ha[s] previously rejected the very argument made by [the] petitioner," and in such a case "[t]he patent futility of a reconsideration motion excuses the failure to object, at least where the Board acts sua sponte." HTH,

---

548. Chipotle could have brought the Nichols Aluminum opinion to the Board's attention by submitting a supplemental-authority letter before the Board issued its order, see Reliant Energy, 339 N.L.R.B. 66, 66 (2003), or moving for reconsideration or rehearing afterward, see 29 C.F.R. § 102.48(d)(1).

[4] Another court referred to "futil[ity]" when finding extraordinary circumstances in a case where a challenge to a Board order only became tenable when the Supreme Court overruled previously controlling circuit precedent while the case was on appeal. See NLRB v. Robin Am. Corp., 667 F.2d 1170, 1171 (5th Cir. Unit B 1982); cf. NLRB v. Lundy Mfg. Corp., 286 F.2d 424, 425-26 (2d Cir. 1960). We would address such a situation under the rubric of "new development[s] of . . . law occur[ring] after the Board's decision," RELCO Locomotives, 734 F.3d at 796, rather than futility.

823 F.3d at 674. The Sixth Circuit has likewise explained "[g]enerally, an objection would be futile only when the Board has unequivocally rejected a party's position by expressly refusing to follow the authority or line of authorities relied upon by that party." Kitchen Fresh, 716 F.2d at 358 n.13 ("emphasiz[ing] the narrowness of [the] holding"); see also Indep. Elec. Contractors of Hous., Inc. v. NLRB, 720 F.3d 543, 551-52 (5th Cir. 2013) (recognizing "a futility exception"—in a decision not cited by Chipotle—because, among other reasons, the Board had already "discussed" and "*preemptively* denied" the potential objection, so filing a motion to reconsider would have been "an empty formality"). We see no such unambiguous rejection here.

To start, the Board decision to which Chipotle devotes most of its attention, Dish Network, LLC, 363 N.L.R.B. No. 141 (Mar. 3, 2016), 2016 WL 850920, was issued well after the ruling in this case, so it sheds little light on whether an argument based on Nichols Aluminum would have been patently futile at the time Chipotle failed to raise it. See NLRB v. Contemporary Cars, Inc., 667 F.3d 1364, 1369 (11th Cir. 2012) ("[T]he futility of an omitted objection must be shown as of the time it could have been made to rise to the level of extraordinary circumstances."). Further, although Chipotle repeatedly describes Dish Network as "expressly" or "explicitly disavow[ing] this Court's decision in Nichols Aluminum," in fact the Board did not mention the case once. See Dish Network, 363 N.L.R.B. No. 141, at 1 n.1, 2016 WL 850920, at *1 n.1. True, the Board made a point of declaring that the General Counsel's "initial burden of proving that [an employee's] protected activity was a motivating factor in his discharge" does not require "mak[ing] some additional showing of particularized animus towards the employee's own protected activity or . . . further demonstrat[ing] some additional, undefined 'nexus' between the employee's protected activity and the adverse action."[5] Id. The Board's repeated

<hr />

[5]In a concurrence, one member of the Board did cite Nichols Aluminum as, in his view, supporting a contrary understanding of Wright Line. See Dish Network, 363 N.L.R.B. No. 141, at 4 n.9, 2016 WL 850920, at *2 n.9 (Miscimarra, Member, concurring). Notably, even this concurrence did not quote the "but for" line Chipotle

insistence on that point—including in decisions that do predate this case, <u>see</u>, <u>e.g.</u>, <u>Auto Nation, Inc.</u>, 360 N.L.R.B. 1298, 1301 n.10 (2014), <u>enforced</u> <u>sub</u> <u>nom.</u> <u>AutoNation, Inc. v. NLRB</u>, 801 F.3d 767 (7th Cir. 2015)—suggests the Board might not have been particularly receptive to a request for a stricter formulation of the causation standard.  Yet there is no indication the Board had heard an argument based on <u>Nichols Aluminum</u>'s "but for" language before, and a prediction that such an argument was a long shot, even if well-founded, is no excuse for not making it.  <u>Cf.</u>, <u>e.g.</u>, <u>W&M Props. of Conn., Inc. v. NLRB</u>, 514 F.3d 1341, 1346 (D.C. Cir. 2008) ("Such an assessment of the Board's likely disposition . . . is insufficient to prove patent futility because it does not show that a motion for reconsideration was 'clearly doomed' by the agency's rejection of identical arguments." (quoting <u>Ga. State Chapter Ass'n of Civilian Technicians v. Fed. Labor Relations Auth.</u>, 184 F.3d 889, 892 (D.C. Cir. 1999))).

Lacking jurisdiction to consider the only objection Chipotle urges against the Board's ruling, we deny the petition for review and enforce the Board's order.

————————————————

relies on here.  <u>See</u> <u>id.</u>