# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-3415

———————————————

National Labor Relations Board

*Petitioner*

v.

EYM King of Missouri, LLC, doing business as Burger King

*Respondent*

———————

National Labor Relations Board

———————

Submitted: April 6, 2017
Filed: June 21, 2017
[Unpublished]

———————

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.

———————

PER CURIAM.

In a National Labor Relations Board ("NLRB" or "Board") proceeding EYM King of Missouri, LLC was found to have violated the National Labor Relations Act by declining to hire Terrance Wise for having engaged in protected labor activity. The NLRB petitioned this court for enforcement of its order. We conclude that substantial

evidence supports the Board's order and we therefore grant the application for enforcement.

I.

In March 2015, EYM King acquired numerous Burger King franchises in Kansas City, Missouri from Strategic Restaurants Acquisitions Company, LLC. These acquisitions included a Burger King located at 1102 East 47th Street ("47th Street store"). EYM King retained the 47th Street store's general manager, LaReda Hayes, and gave her permission to rehire Strategic employees. Hayes rehired most of the Strategic employees but not Terrance Wise, a well known labor organizer who had been working at various Burger King stores for over 11 years and at the 47th Street store since early 2012.

Hayes told Wise that he was not being rehired because of a change in his schedule availability and his insubordination. Wise had filled out an application form that indicated he was no longer available to work overnight on Saturdays or any time on Sundays. During his time at the 47th Street store Wise had received a few disciplinary warnings. One of these warnings occurred on April 21, 2014 for arriving to work one hour late, and a second warning occurred on May 5, 2014 for arriving fifteen minutes late. He had also received a warning on May 6, 2014 for not calling in more than three hours before his shift to inform supervisors that he was running a little late. Although Wise received no further formal warnings, he was twice verbally counseled by Hayes for cooking too much food.

Wise participated in the Workers' Organizing Committee–Kansas City which advocated that fast food employees receive a minimum wage of $15 per hour, a request referred to as the "Fight for $15." Wise had assumed a leadership role in the labor organization and was responsible for bringing the "Fight for $15" campaign to the 47th Street store. He also assisted with bringing other unfair labor practice charges against the store in May 2014. Hayes was aware of these activities.

-2-

The NLRB's general counsel filed a complaint with the Board alleging that EYM King had violated Section 8(a)(1) and (3) of the National Labor Relations Act by refusing to hire Wise.[1] An administrative law judge ("ALJ") held a hearing at which Hayes testified that her decision not to hire Wise was based on his limited availability, several instances of insubordination, and his record of tardiness. Hayes told the ALJ that the extent of Wise's behavioral problems were not documented because after May 2014 Strategic had directed her to report to human resources any negative behavior by Wise (and other individuals involved with the Workers' Organizing Committee). Strategic would then determine an appropriate response. Hayes testified that she emailed Strategic a number of times about Wise's behavior, but never received a response. She eventually stopped these reports.

The ALJ found that Hayes was not "an overall credible witness" and that her stated reasons for declining to hire Wise were implausible. The ALJ then concluded that the decision not to hire Wise was motivated in part by his involvement in protected labor activities, in violation of the National Labor Relations Act. The Board agreed with these determinations and affirmed.

II.

We will enforce an order of the Board "if it correctly applied the law and its findings are based upon substantial evidence on the record as a whole." Wright Elec., Inc. v. NLRB, 200 F.3d 1162, 1166 (8th Cir. 2000). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cintas Corp. v. NLRB, 589 F.3d 905, 912 (8th Cir. 2009) (quoting NLRB v. La-Z-Boy Midwest, 390 F.3d 1054, 1058 (8th Cir. 2004)). Under this

_____

[1]Before the ALJ and the Board this complaint was consolidated with two others. The Board severed one of the other cases for further consideration, and dismissed the charges in the second. Accordingly, only Wise's case is before the court.

-3-

deferential standard of review, "we may not preempt the Board's choice between two fairly conflicting views" of the evidence. JHP & Assocs., LLC v. NLRB, 360 F.3d 904, 911 (8th Cir. 2004) (internal quotation marks omitted). On the other hand, the Board may not base its decision on "suspicion, surmise, implications, or plainly incredible evidence." Nichols Aluminum, LLC v. NLRB, 797 F.3d 548, 553 (8th Cir. 2015) (quoting Concepts & Designs, Inc. v. NLRB, 101 F.3d 1243, 1245 (8th Cir. 1996)). When reviewing for substantial evidence, "we give great deference to the credibility determinations made by the ALJ." Wright Elec., 200 F.3d at 1166.

Under Section 8(a)(3) of the National Labor Relations Act, certain discrimination in the hiring of employees is an unfair labor practice. Wright Elec., 200 F.3d at 1167–68; see 29 U.S.C. § 158(a)(3). Based on the Wright Line[2] standard, the Board has adopted a three part test for a refusal to hire violation under Section 8(a)(3). The general counsel must first show (1) "that the respondent was hiring, or had concrete plans to hire," (2) "that the applicant[] had experience or training relevant to the . . requirements of the position[]," and (3) "that anti [labor organization] animus contributed to the decision not to hire the applicant[]." FES, 331 N.L.R.B. 9, 12 (2000). The burden then shifts to the respondent "to show that it would not have hired the applicant[] even in the absence of [his] [labor organization] activity or affiliation." Id.

Since, EYM King does not dispute that it was hiring or that Wise was qualified for the position, we must determine whether substantial evidence supports the Board's determination that Wise's involvement in the Workers' Organizing Committee was a motivating factor in EYM King's decision not to hire him. "Motivation 'is a question of fact that may be inferred from both direct and circumstantial evidence.'" NLRB v. RELCO Locomotives, Inc., 734 F.3d 764, 780 (8th Cir. 2013) (quoting Concepts &

_____

[2]Wright Line, 251 N.L.R.B. 1083, 1089 (1980), enforced, 662 F.2d 899 (1st Cir. 1981).

Designs, 101 F.3d at 1245). We have observed that both "implausible explanations and false or shifting reasons support a finding of illegal motivation." York Prods., Inc. v. NLRB, 881 F.2d 542, 545 (8th Cir. 1989). When "an employer's explanation fails to withstand scrutiny, it is considered pretextual," id. at 545–56, thereby providing a "substantial reason to reject" the argument that the employer would have taken the same action regardless of any protected activity, RELCO, 734 F.3d at 782.

Hayes testified that she declined to hire Wise because of his change in schedule, tardiness, and insubordination. Substantial evidence supports the Board's determination that these reasons were pretextual. First, Wise did not dramatically change his availability, as EYM King argues. Although he had recently started working night shifts, he had been working primarily day shifts at the beginning of 2015, and he only limited his availability for two nights and one day per week. Second, Hayes had a minor disciplinary record spread out over years of working at Burger King (indeed, all of his formal warnings were issued in April and May 2014). Hayes also had not disciplined Wise for some of his allegedly insubordinate behavior before she had allegedly received a directive from Strategic telling her to run all discipline through human resources. See Hall v. NLRB, 941 F.2d 684, 688 (8th Cir. 1991) (concluding that lack of "prior warning or reprimand" supported a finding of unlawful motivation). Finally, Hayes provided vague and inconsistent testimony throughout the hearing, including testimony that she both did and "did not" inform human resources about an incident in which Wise allegedly took hamburgers after a shift. Hayes' implausible explanations for her hiring decision provide substantial circumstantial evidence to support the Board's determination that it was based on an improper motivation.

EYM King argues that the Board erred by declining to credit Hayes' testimony that in May 2014 she received a directive from Strategic that precluded her from

disciplining Wise without the approval of human resources. EYM King argues that since it lacked control over Strategic's human resource policies, the Board could not make an adverse inference based on Hayes' failure to produce the relevant directive. See Rockingham Mach.-Lunex Co. v. NLRB, 665 F.2d 303, 304 (8th Cir. 1981) (stating that "when a party has relevant evidence within its control which it fails to produce, that failure gives rise to an inference that the evidence is unfavorable to the party"). Nevertheless, the record does not show that the Board assumed that any Strategic human resource directive would be unfavorable to EYM King and thereby drew an adverse inference. Instead, the Board observed that Hayes had failed to provide evidence to corroborate her version of some events. Cf. Khrystotodorov v. Mukasey, 551 F.3d 775, 782 (8th Cir. 2008) (observing that credibility and corroboration are sometimes intertwined). Further, even if we were to conclude that the Board erred by declining to credit Hayes' testimony about the directive, there is other substantial evidence to support the Board's determination that Hayes' explanation for not hiring Wise was pretextual. See Locke v. Kansas City Power & Light Co., 660 F.2d 359, 365 (8th Cir. 1981) (concluding that error regarding burden of proof was harmless because substantial evidence supported finding of pretext). That determination was also supported by Hayes' demeanor at the hearing and, as discussed above, her vague and inconsistent testimony.

We therefore conclude that substantial evidence supports the Board's determination that EYM King refused to hire Wise because of his participation in protected labor activities, in violation of Section 8(a)(1) and (3) of the National Labor Relations Act.

III.

For these reasons we grant enforcement of the Board's order.

_____